WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Brightly, | No. CV-21-00127-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint. (Doc. 73.) Defendants Corizon Health Incorporated, Centurion of Arizona LLC, Natalie Bell, Nick Salyer, Jillian Riley, Dorothy Hines, Laura Elliot, and A. Ferguson (collectively "Defendants") have not filed an opposition to the motion. The Court decides the matter on the Motion and without oral argument pursuant to Civil Local Rule 7.2(f). For the following reasons, the Court grants Plaintiff's motion.

**I.   Relevant Procedural Background**

Plaintiff Christopher Brightly ("Plaintiff"), who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on March 3, 2021. (Doc. 1.) On March 24, 2021, Plaintiff filed an Emergency Motion for Preliminary Injunctive Relief. (Doc. 6.) On April 12, 2021, the Court reviewed the complaint pursuant to 28 U.S.C. § 1915 and ordered Defendants Corizon, Bell, Salyer, Centurion, Hines, and Elliott to answer the Complaint, and dismissed the remaining Defendants without prejudice. (Doc. 7.) David Shinn ("Shinn"), the Director of the Arizona

Department of Corrections ("ADC"), was dismissed because the Complaint failed to "allege facts to support that Shinn personally violated Plaintiff's constitutional rights or that Plaintiff was injured pursuant to a policy, practice, or custom of the ACD for which Shinn had final policy-making authority." (Doc. 7 at 17.) The next day, April 13, 2021, Plaintiff's counsel filed a Notice of Appearance. (Doc. 9.)[1] The parties stipulated to extend pretrial deadlines. (Doc. 23.) On May 7, 2021, the Court revised the deadline to answer the complaint to May 24, 2021. (Doc. 41.) Defendants subsequently filed their answers to the complaint within the allotted time period. (Doc. 25; Doc. 30.) They also filed responses to the Motion for Preliminary Injunction. (Doc. 28; Doc. 32.) The Motion was denied on August 12, 2021 and Plaintiff filed a Notice of Interlocutory Appeal. (Doc. 54.) Plaintiff filed an Emergency Motion for Deposition to preserve his testimony for trial in light of his health. (Doc. 50.) Defendants filed a response stating they are agreeable to Plaintiff's deposition but opposing the characterization of the request as an emergency because there was no basis, factual or legal, to support the assertion that Plaintiff was near death. (Doc. 58 at 1.) The Motion was denied. (Doc. 62.)

The parties participated in a telephonic scheduling conference on Sept. 15, 2021. During the conference, there was discussion about difficulty in securing medical records because of counsel's limited physical access to Plaintiff at the prison and at the hospital. The Court ordered: 1) Plaintiff to provide a signed medical authorization on a form acceptable to Corizon by September 25, 2021, 2) the parties to meet and confer by September 27, 2021 about Plaintiff's deposition dates, and 3) Defendants to file a response to Plaintiff's motion for Expedited Process (Doc. 65) by September 29, 2021. (Doc. 67.)

The parties complied with these deadlines. Plaintiff's Motion for Expedited Process was granted and the parties were directed to cooperate in good faith to schedule Plaintiff's expedited deposition by November 8, 2021. On October 7, 2021, Plaintiff filed the instant motion to amend the complaint. (Doc. 73 at 2.) In the proposed complaint, Plaintiff asserts

---

[1] Ms. Scheff's initial notice of appearance limited her scope to service of the complaint, summons, motion for preliminary injunction, and the Court's April 12, 2021 Order. She subsequently filed a Notice of Full Appearance on June 3, 2021. (Doc. 33.)

a *Monell* claim against Shinn, removes individual defendants dismissed in the Court's screening order, and amends the claims against individual defendants based on their individual capacity, rather than their official capacity. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Defendants did not file a response to the instant Motion.

## II.     Legal Standard

Generally, Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend, however, is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)).

## III.     Analysis

None of the four *Serra* factors are present here. Because Shinn was previously dismissed as a Defendant in this action, the Court briefly addresses the futility factor. In the original complaint, Shinn was accused solely of instructing subordinates to not follow "outside" treating specialists' recommendations and non-compliance with the measures of a previous settlement. (Doc. 1 at 20-21; Doc. 7 at 17.)  However, the amended complaint has remedied the deficient claim by alleging facts that plausibly state a *Monell* claim against Shinn. (Doc. 73-1 at 22-24.)

Accordingly, the Court will grant Plaintiff's Motion.

…

**IV.   Order**

**IT IS ORDERED GRANTING** Plaintiff's Motion for Leave to Amend Complaint (Doc. 73).  Plaintiff shall file the Amended Complaint on the docket by **November 5, 2021**. Plaintiff is advised that he must serve the Amended Complaint and Summons on the new Defendant within 14 days of the date of this Order, as provided by LRCiv 15.1.

Dated this 29th day of October, 2021.

_____
Honorable John C. Hinderaker
United States District Judge