WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Brightly,<br><br>        Plaintiff,<br><br>v.<br><br>Corizon Health Incorporated, et al.,<br><br>        Defendants. | No. CV-21-00127-TUC-JCH<br><br>**ORDER RE: DOC 160** |

      Pending before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order ("Motion"), his fifth motion for injunctive relief. (Doc. 160.) The Motion seeks relief against Defendants Centurion of Arizona, LLC, Laura Elliott, NP, Alicia Ferguson, Dorothy Hines, MD, and David Shinn (collectively "Centurion Defendants"). (*Id.*) Unlike Plaintiff's previous motions for injunctive relief, the instant Motion is unrelated to his medical care and instead requests an Order preventing Centurion Defendants from "violating attorney/client privilege and interfering with [Plaintiff's counsel's] ability to represent Plaintiff." (*Id.* at 4.) The Court held a Motions Hearing on June 29, 2022 and *inter alia* denied the Motion. (*See Brightly v. Corizon Health Incoporated et al*, 4:21-CV-00127-TUC-JCH (D. Ariz. June 29, 2022), Hr'g Tr. at 1:7.) This is the Court's written order.

**I.    June 21–23, 2022 Emails**

      Between June 21 and June 23, 2022, chambers received 11 emails regarding the events outlined in the Motion.[1] Some emails were addressed to chambers from Plaintiff's

---

[1] Following the emails, Plaintiff filed the instant Motion on June 23, 2022. (*See* Doc. 160.)

counsel, and requested a telephonic hearing with chambers, while other emails were simply email communications between the parties, to which chambers was copied. The Court has previously admonished Plaintiff's counsel on the meet-and-confer provisions, pursuant to Fed. R. Civ. P. 37(a)(1) and LRCiv 7.2(j), required before contacting the Court and the inappropriateness of such email communications. (*See* Doc. 72 at n. 1; *see also* Doc. 85 at n. 2.) In light of the June emails, the Court will amend its Scheduling Order (Doc. 68) to remove section 6(b), the process permitting parties to contact the court to raise discovery issues. Any matters before the Court must be done in writing and filed on the record. *See* LRCiv 7.1 and 7.2.

## II. Motion for Temporary Restraining Order

A party seeking a temporary restraining order must satisfy the same legal standard governing preliminary injunctions, including showing each of the following elements: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). For a party to be entitled to a TRO or a preliminary injunction, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *See Pac. Radiation Oncology, LLC v. Queens Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). This relationship is established where the TRO would grant "relief of the same character as that which may be granted finally." *Id.* Absent such a relationship or nexus, district courts lack authority to grant emergency injunctive relief. *Id.*; *see also LA All. for Hum. Rts. v. Cnty. of L.A.*, 14 F.4th 947, 956 (9th Cir. 2021) (explaining that a district court may grant injunctive relief only on "the merits of the case or controversy before it, and does not have the authority to issue an injunction based on claims not pled in the complaint") (internal quotation marks omitted).

Here, the Motion is unrelated to the factual allegations and legal claims contained in Plaintiff's First Amended Complaint. (*See* Doc. 77.) As such, the Court lacks authority to grant injunctive relief with respect to the Motion which involves Plaintiff's counsel's

client communications. Even if the Court had the authority, Plaintiff fails to address any of the *Winter's* factors. In fact, Plaintiff fails to cite any caselaw or statute in support of his Motion and relies on speculation and conclusory observations unsupported by an affidavit. *See* Fed. R. Civ. P. 65(b)(1). For these reasons, the Court will deny with prejudice Plaintiff's request for a temporary restraining order. *See* LRCiv 65.1.  Any future motions which are similarly lacking will be summarily denied.

### III.     Order

Accordingly,

**IT IS ORDERED DENYING WITH PREJUDICE** Plaintiff's Emergency Motion for Temporary Restraining Order that Defendants Cease Interfering with Attorney/Client Communications. (Doc. 160.)

**IT IS FURTHER ORDERED AMENDING** the Court's Case Management Order (Doc. 68) to remove section 6(b), consistent with the directions provided above.

Dated this 8th day of July, 2022.

_____
Honorable John C. Hinderaker
United States District Judge