**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Brightly, | No. CV-21-00127-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Amend the Scheduling Order, filed on December 22, 2022. (Doc. 217.) Defendants Centurion of Arizona, LLC, Laura Elliott, NP, Alicia Ferguson, Dorothy Hines, MD, and David Shinn (collectively "Centurion Defendants") filed a response in opposition. (Doc. 223.) Defendant Corizon filed a joinder to the Centurion Defendants' response. (Doc. 226.) Also before the Court is the parties Stipulation to Extend Dispositive Motion Deadline. (Doc. 215.)

**I.     Plaintiff's Motion**

The Court's Amended Scheduling Order set the written discovery deadline to October 21, 2022, and the fact discovery deadline to December 5, 2022. (Doc. 199.) After both deadlines elapsed, Plaintiff filed the instant motion seeking to amend the Amended Scheduling Order as follows: (1) to extend written discovery up to and including January 27, 2023; and (2) to extend fact discovery up to and including February 6, 2023. (Doc. 217 at 1.) Plaintiff requests the "future disclosures…forthcoming from Defendant Shinn," and his medical records since October 1, 2022, the date NaphCare, Inc. became the healthcare services contractor for ADCRR. (*See id.*)

### A. Legal Standard

A scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). A court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

An extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause." *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Mireles v. Paragon Sys., Inc.*, No. 13-CV-122-L (BGS), 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014) ("a party moving to amend a pleading after a scheduling order deadline has passed must support the motion by demonstrating both excusable neglect and good cause") (citation omitted); *Almaraz v. City of Mesa*, No. CV-10-1348-PHX-FJM, 2011 WL 1661535, at *1 (D. Ariz. May 3, 2011) (applying excusable neglect standard to motion to reopen scheduling order deadline); *Hernandez v. Maricopa Cty.*, No. CV-07-272-PHX-JAT, 2009 WL 77647, at *1 (D. Ariz. Jan. 12, 2009) (explaining that "excusable neglect is the standard that must be met by the parties to receive an extension of an expired deadline"). Four factors determine whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

### B. Analysis

Citing Fed. R. Civ. P. 6(b)(1)(B), Centurion Defendants argue that neither good cause nor excusable neglect exists for the request extension. (Doc. 223 at 2.) Centurion Defendants further explain, "[e]ven assuming NaphCare is added to address the Court's injunctive order, Plaintiff provides no explanation as to why that would impact discovery on the claims at issue in this case. NaphCare would not be joined as a Defendant for any

damages claims. For the purposes of discovery and trial, the change in healthcare contractors is irrelevant, and cannot serve as a basis for reopening discovery." (Doc. 223 at 3.)

The Court finds that the balance of relevant factors weighs in favor of denying Plaintiff's Motion (Doc. 217) as to Centurion Defendants and Defendant Corizon. First, granting Plaintiff's request will prejudice the Centurion Defendants and Defendant Corizon by extending the discovery period, which has been modified numerous times, (Docs. 68, 95, 113, 199), without any explanation why Plaintiff could not complete discovery before the deadline.

Further, Plaintiff has not shown diligence to justify his delay. Plaintiff was advised in advance of the healthcare provider change but took no steps to join NaphCare before the transition and did not subpoena any records from NaphCare as a non-party under Fed. R. Civ. P. 45. (Doc. 223 at 3.) On November 23, 2022, the Court held a hearing where Plaintiff first requested that NaphCare be joined. *(See* Doc. 211). Parties were directed to meet and confer and file a joint stipulation. (*See id.* at 1.) At the time of the hearing, the written discovery deadline had elapsed, but the fact discovery deadline had not. The parties did not file their stipulated motion to join NaphCare until two months later, on January 23, 2023, (Doc. 227), *after* both deadlines had elapsed.

Nor does Plaintiff show that additional discovery is necessary for trial preparation or to resolve the case on the merits. In the immediately preceding order, (Doc. 228), the Court added NaphCare as a Defendant, under Fed. R. Civ. P. 20(a)(2), because Defendant Centurion is no longer the contracted healthcare provider for the Arizona Department of Corrections, Rehabilitation, and Reentry (ADC) and is therefore incapable of providing *injunctive relief*. To the extent Plaintiff seeks medical records after October 1, 2022, he has not shown how such discovery is relevant to his claims against either Centurion Defendants or Defendant Corizon. Nor has Plaintiff moved to amend or supplement his Complaint to allege any similar allegations against NaphCare.[1] Accordingly, his request is denied.

---

[1] By denying Plaintiff's Motion the Court does not prejudice Plaintiff's ability to sue Defendant NaphCare if allegations supporting a claim arise.

## II. Parties' Stipulation

The parties request that the dispositive motions deadline be extended from January 9, 2023, up to and including March 13, 2023. (Doc. 215). The Stipulation was filed on December 19, 2022, before the deadline elapsed. (*See* Doc. 199.) Parties submit good cause exists for the requested extension based on NaphCare's potential addition to the action, Plaintiff's counsel's ongoing efforts to secure a guardian ad litem to represent Plaintiff's interest, and the implications of these events on any dispositive motions or settlement conversations. The Court agrees that good cause exists, and grants the Stipulation.

## III. Order

**IT IS ORDERED DENYING** Plaintiff's Motion to Amend the Scheduling Order (Doc. 217);

**IT IS FURTHER ORDERED GRANTING** the parties' Stipulation to Extend Dispositive Motion Deadline (Doc. 215). The parties shall have up to and including **March 13, 2023** to file dispositive motions.

Dated this 31st day of January, 2023.

_____
Honorable John C. Hinderaker
United States District Judge